# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TAVARES MONTGOMERY, SR.**  **PLAINTIFF**
**100326**

V.  NO. 4:25-cv-01042-KGB-ERE

**JACKSON and**
**REDDICK**  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.  Procedure for Filing Objections:**

This Recommendation for the dismissal of Mr. Montgomery's complaint has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact.

**II.  Background**

*Pro se* plaintiff Tavares Montgomery, Sr., a pre-trial detainee at the W.C. Brassell Adult Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*.

Mr. Montgomery's complaint alleges that Defendant Sergeant Reddick seized an Islamic headdress from him during a shake down. He explains that he notified Defendant Captain Jackson about the missing property, and she told him that that the headdress would be returned to him. However, Detention Center staff have failed to return the headdress to him. He sues Defendants Reddick and Jackson in both their individual and official capacities seeking monetary damages.

On October 8, 2025, I entered an Order explaining why the original complaint was deficient but giving Mr. Montgomery the opportunity to file an amended complaint. *Doc. 4*.

To date, Mr. Montgomery has not filed an amended complaint, and the time to do so has passed. As a result, I will screen Mr. Montgomery's original complaint, as required by 28 U.S.C. § 1915A.

## III. Discussion:

### A. Standard

To survive § 1915A screening, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In deciding whether Mr. Montgomery has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

### B.   Personal Property – Due Process Claim

It is well settled that an inmate cannot maintain a Fourteenth Amendment due process claim for loss of property if he has an adequate post-deprivation remedy under state law. See *Hudson v. Palmer*, 468 U.S. 517, 533–36 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981); *McClinton v. Arkansas Dept. of Corr.*, 166 F. App'x 260, 260–61 (8th Cir. 2006). Here, Mr. Montgomery has an adequate remedy under Arkansas law because he can seek to recover his property by filing a conversion action in state court. See *Bausley v. Dugan*, 110 F. App'x 736, 736 (8th Cir. 2004) (holding that a prisoner could not bring a § 1983 claim against county jail employees for seizure of personal property because he could bring a conversion

action against them in state court); *Carniglia v. Dearmon*, 16 F. App'x 548, 549 (8th Cir. 2001) (same); *Butler v. Smith*, 208 F.3d 217, 217 (8th Cir. 2000) (holding that prisoner, who alleged he was wrongly charged for meals while housed at the county jail, could not seek § 1983 relief because he could bring a conversion in state court).

The facts alleged in the current complaint fail to state a plausible due process claim.

### C. First Amendment Free Exercise Claim

To state a plausible free exercise claim under the First Amendment, a complaint must contain facts suggesting officials substantially burdened a prisoner's sincerely held religious beliefs. *Mbonyunkiza v. Beasley*, 956 F.3d 1048, 1053 (8th Cir. 2020); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008). To constitute a "substantial burden," the defendant's actions must:

> significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Patel*, 515 F.3d at 813.

The facts alleged in the current complaint fail to state a plausible First Amendment free exercise claim.

### D. Official Capacity Claims

Under the law, Mr. Montgomery's official capacity claims are treated as claims against Jefferson County. *Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018). Jefferson County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Generally, Jefferson County is not legally responsible for constitutional violations committed by its employees but may be subject to § 1983 liability when its county policies, customs, or practices cause a constitutional violation. *Brewington,* 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699-700 (8th Cir. 2016).

Mr. Montgomery's complaint contains no factual allegations suggesting that a Jefferson County policy, practice, or custom caused his injury. As a result, the facts alleged in the current complaint fail to state plausible official capacity claims against Defendants.

### IV. Conclusion

For the reasons explained above,

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Montgomery's complaint be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

2.  In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

3.  The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.  The Clerk be directed to close this case.

DATED 18 November 2025

_____
UNITED STATES MAGISTRATE JUDGE